IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01472-CMA-CBS

BRIAN OLDS,
    Plaintiff,
v.

RAY ESSLINGER, an individual,
TERRY HAASE, an individual,
CITY OF WESTMINSTER, a Municipal Corporation, a Person,
CONNOLLY'S TOWING, INC., a Colorado Corporation, a Person,
SIMON MOLE, an individual,
MICHAEL A. COX, an individual,
DON QUICK, an individual,
THE STATE OF COLORADO, a Person, and
JOHN DOES 1 THROUGH 100,
    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on: (1) "Defendant Esslinger's Motion to Dismiss" (filed August 4, 2009) (doc. # 12); and (2) "Defendant Cox's Motion to Dismiss" (filed August 17, 2009) (doc. # 16).  Pursuant to the Order of Reference dated July 10, 2009 (doc. # 2) and the memoranda dated August 4, 2009 (doc. # 13) and August 18, 2009 (doc. # 17), these matters were referred to the Magistrate Judge.  The court has reviewed the Motions, Mr. Olds' "Objections" (filed September 29, 2009) (docs. # 24 and # 25), Defendant Cox' Reply (filed October 14, 2009) (doc. # 29), Defendant Esslinger's Reply (filed October 15, 2009) (doc. # 30), the pleadings, the entire case file, the oral arguments presented on December 7, 2009 and December 15, 2009 (*see* Courtroom Minutes/Minute Orders (docs. # 36 and # 37)), and the applicable law and is sufficiently advised in the premises.

I.      Statement of the Case

Proceeding *pro se*, Mr. Olds initiated this lawsuit on June 24, 2009, alleging 23 claims against eight Defendants under Title 42 U.S.C. § 1983, § 1985, and Colorado law. (*See* Complaint (doc. # 1)).  Mr. Olds' claims arise out of a traffic stop, his subsequent arrest, and the impoundment of his car on or about February 28, 2008 in Westminster, Colorado.  (*See* Complaint at ¶¶ 14-24; *see also* Defendant Esslinger's Motion to Dismiss (doc. # 12) at p. 2 of 15 n. 1).

On December 7, 2009, Mr. Olds acknowledged that he has served only Defendants Esslinger and Cox in this case and that the 120-day period to effect service upon the Defendants pursuant to Fed. R. Civ. P. 4(m) has expired. (*See* Courtroom Minutes/Minute Order (doc. # 36)).[1]  On December 15, 2009, Mr. Olds confirmed that he does not intend to serve Defendants Haase, City of Westminster, Connolly's Towing, Inc., Mole, Quick, the State of Colorado, or John Does 1 through 100 and that these Defendants may therefore be dismissed from this action.  (*See* Courtroom Minutes/Minute Order (doc. # 37)).  Without proof of service, the court lacks personal jurisdiction over these Defendants.  *See Oklahoma Radio Associates v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations omitted).  Thus, without any objection by Mr. Olds, the court may properly dismiss Defendants Haase, City of Westminster, Connolly's Towing, Inc., Mole, Quick, the State of Colorado, and John Does 1 through 100 from this civil action without prejudice.

---

[1]    Fed. R. Civ. P. Rule 4(m) provides in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Mr. Olds initially brought six claims against both Defendants Esslinger and Cox: (1) "Negligence," (2) "Violation of 42 U.S.C. § 1983 Due Process and Equal Protection Clauses," (3) "Violation of Unalienable Rights and 8th and 14th Amendments and Article IV Section 2. (1) and Section 4 of the United S[t]ates Constitution," (4) "42 U.S.C. § 1985 Sec. 1985. Conspiracy to interfere with civil rights," (5) "Violations of Colorado Constitution Article II § 3, 6, 7, 16, 20, 25, and 28 Article III," and (6) "Intentional Infliction of Emotional Distress." (*See* Complaint at ¶¶ 38-58, 87-114).  On December 15, 2009, Mr. Olds conceded to voluntarily dismiss his state law claims, based on the statute of limitations. (*See* Courtroom Minutes, Minute Order (doc. # 37)).  Also on December 15, 2009, Mr. Olds withdrew his conspiracy claims.  (*See id.*).  Thus, with Mr. Olds' agreement, the court may properly dismiss his state law and conspiracy claims, Counts 1, 4, 5, 6, 16, 19, 20, and 21 from this civil action without prejudice.  The court proceeds to review Defendants' Motions as to the remaining Counts 2, 3, 17, and 18 against them.

II.     Standard of Review

Defendant Esslinger has moved to dismiss Mr. Olds' remaining claims against him pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted as he is entitled to qualified immunity.  Without citing any Federal Rule of Civil Procedure, Defendant Cox has moved to dismiss Mr. Olds' remaining claims against him as barred by absolute judicial immunity, among other grounds.[2]

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."

> In reviewing a motion to dismiss, this court must look for plausibility in the complaint.   Under this standard, a complaint must include enough facts to

---

[2]     Mr. Olds has clarified that he is not suing Defendant Cox in his official capacity, thereby mooting Defendant Cox' Eleventh Amendment argument.  (*See* Mr. Olds' "Objection" (doc. # 25 at p. 44 of 46), Defendant Cox' Motion to Dismiss (doc. # 16) at p. 7 of 10).

> state a claim to relief that is plausible on its face. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

*Corder v. Lewis Palmer School Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (internal quotation marks and citations omitted). The burden is on the plaintiff to frame "a complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

III.   Analysis

Mr. Olds alleges violation of his due process and equal protection rights by Defendants Esslinger and Cox pursuant to 42 U.S.C. § 1983. (*See* Complaint at ¶¶ 41-47, 91-97). Mr. Olds does not identify whether the alleged due process violation involves substantive or procedural due process rights. Mr. Olds further alleges that Defendants Esslinger and Cox violated his rights under the Eighth and Fourteenth Amendments. (*See* Complaint at ¶¶ 48-52, 98-102). Title 42 U.S.C. § 1983 provides a civil cause of action for individuals who are deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of law." *Adickes v. SH Kress & Co.*, 398 U.S. 144, 147, 150 (1970). To assert his claims under § 1983, Mr. Olds must allege a deprivation of a federal or constitutional right by a person acting under color of state law. *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988). The court determines that Mr. Olds fails to state a claim upon which relief can be granted under the Eighth Amendment, the Fourteenth Amendment, due process, or equal protection.

A.   Mr. Olds' Eighth Amendment Claims

Mr. Olds makes no specific factual allegations in support of his claim for violation of the Eighth Amendment. (*See* Complaint at ¶¶ 48-52, 98-102). During oral argument on December 15, 2009, Mr. Olds contended that the actions and omissions of the Defendants

surrounding his arrest constituted cruel and unusual punishment. The Eighth Amendment applies only to convicted inmates. *See Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 809 (10th Cir. 1999) ("The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishments on those convicted of crimes.") (quoting *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991)). To the extent that Mr. Olds alleges any violation of his rights under the Eighth Amendment, such claims are properly dismissed with prejudice for failure to state a cognizable claim.

B.     Mr. Olds' Fourteenth Amendment and Due Process Claims

Mr. Olds' claims arise out of a traffic stop, his subsequent arrest, and the impoundment of his car. Claims involving arrests and other "seizures" are governed by the Fourth Amendment, which secures the right against unreasonable seizures, and not the Fourteenth Amendment. *Graham v. Connor*, 490 U.S. 386, 388 (1989) (where a plaintiff's rights are protected by a specific provision of the Constitution, such as the Fourth Amendment, then a Fourteenth Amendment claim for substantive due process cannot be brought).[3] The Supreme Court has explained that *Graham*,

> does not hold that all constitutional claims relating to physically abusive government conduct must arise under either the Fourth or Eighth Amendments; rather, Graham simply requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.

*County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (quoting *United States v. Lanier*, 520 U.S. 259, 272, n. 7 (1997)). *See also Albright v. Oliver*, 510 U.S. 266, 273 (1994)

---

[3] The Fourth Amendment provides that "the right of the people to be secure in their persons, houses, paper, and effects, against unreasonable searches and seizures, shall not be violated. . . ." The protections of the Fourth Amendment are made applicable to the states through the Fourteenth Amendment. *Pierce v. Ohio Dept. of Rehabilitation and Corrections*, 284 F. Supp. 2d 811, 828 n. 16 (N.D. Ohio 2003).

("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.") (internal quotation marks and citation omitted).

Mr. Olds has not alleged particular conduct by Defendant Esslinger that is prohibited by some constitutional provision other than the Fourth Amendment. As the Fourth Amendment specifically governs the standards of arrest, Mr. Olds may not state a claim under the more general Fourteenth Amendment standard. Mr. Olds' claims arise in the context of an arrest alleged to have been made without probable cause, and are thus properly analyzed under the reasonableness standard of the Fourth Amendment, rather than the Fourteenth Amendment. Mr. Olds may not argue that due process entitled him to any process greater than that guaranteed by the Fourth Amendment. He may only argue violation of the Fourth Amendment standard of reasonableness. *See Micalizzi v. Ciamarra*, 206 F. Supp. 2d 564, 579 (S.D.N.Y. 2002) ("Claims arising from investigations for law-enforcement purposes, including a § 1983 claim premised on a person's arrest, are to be judged by the standards of the Fourth Amendment.") (citations omitted). To the extent that Mr. Olds has improperly identified the Fourteenth Amendment and due process as sources of applicable law for his alleged wrongful arrest by Defendant Esslinger, his claims are properly dismissed with prejudice.

C.   Mr. Olds' Equal Protection Claims

Mr. Olds makes no specific factual allegations in support of his claim for violation of his equal protection rights. (*See* Complaint at ¶¶ 41-47, 91-97). The Equal Protection Clause requires that no state "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV. The Equal Protection clause is triggered only when the government treats someone differently than another who is similarly situated. *City of*

*Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439 (1985).  *See also Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (recognizing equal protection claim brought by a "class of one," where the plaintiff alleged that she had been intentionally treated differently from others similarly situated and that there was no rational basis for the difference in treatment);  *Hennigh v. City of Shawnee*, 155 F.3d 1249, 1257 (10th Cir. 1998) ("The allegation that a plaintiff was treated differently from those similarly situated is an essential element of an equal protection action.");  *Jacobs, Visconsi & Jacobs v. City of Lawrence*, 927 F.2d 1111, 1118-19 (10th Cir. 1991) (discussing "similarly situated" requirement of equal protection claim);  *Buckley Const., Inc. v. Shawnee Civic & Cultural Development Authority,* 933 F.2d 853, 859 (10th Cir. 1991) (complaint failed to allege "an element of intentional or purposeful discrimination" sufficient "to invoke the equal protection doctrine.").  Mr. Olds has not alleged an essential element of his equal protection claim: that he was Intentionally treated differently than another who was similarly situated.  Mr. Olds' equal protection claims are properly dismissed for failure to state a claim upon which relief can be granted.

D.      Application of the Fourth Amendment to Mr. Olds' Claims

To maintain a claim for unlawful warrantless arrest, Mr. Olds must demonstrate that his Fourth Amendment right to be free from unreasonable search and seizure has been violated.  *Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir.1996).  The court must "analyze the constitutionality of a warrantless arrest under the probable cause standard." *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995) (citations omitted).  "A police officer may arrest a person without a warrant if he has probable cause to believe that person committed a crime."  *Id.* (citation omitted).  "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that

7

the arrestee has committed or is committing an offense." *Id.* (internal quotation marks and citations omitted). Examining Mr. Olds' claims under the reasonableness standard of the Fourth Amendment, the court determines that he fails to state a claim upon which relief can be granted.

The allegations of the Complaint are sufficient to establish probable cause for a violation of state law for failure to provide proof of vehicle registration and insurance. (*See* Complaint at ¶ 14 ("while traveling in his car, Plaintiff was stopped and detained by Defendant Esslinger of the Westminster Police Department for the reason of not displaying a current motor vehicle license tag"), ¶ 15 ("Defendant Esslinger then continued to demand proof of registration and insurance which Plaintiff told him he could not show to him.")). When Mr. Olds failed to produce proof of registration or insurance, this violation of valid state laws provided probable cause for Defendant Esslinger to stop and detain Mr. Olds and impound his car. *See Schor v. City of Chicago*, 576 F.3d 775, 778 (7th Cir. 2009) ("violation of a valid traffic law provided probable cause for the officers to stop [the plaintiffs].").

To the extent that Mr Olds is alleging that Defendant unconstitutionally impounded his vehicle (*see, e.g.,* Complaint at ¶¶ 17, 22, 23), "the Constitution only requires the police to act reasonably with regard to disposition of the vehicle." *United States v. Rodriguez-Morales*, 929 F.2d 780, 786 (1st Cir. 1991) (collecting cases). Defendant Esslinger had a legitimate noninvestigatory justification – no proof of vehicle registration or insurance – for impounding the car. Under the circumstances pled in the Complaint, impoundment was not unreasonable.

To the extent that Mr. Olds argues that his "common law right to travel" overrides all other laws, he has not articulated reasons to support this argument and such an argument is meritless. Burdens on a single mode of transportation, here driving a personal vehicle, do not implicate the right to travel. *See Miller v. Reed*, 176 F.3d 1202, 1205-06 (9th Cir.

1999) (holding that there is no "fundamental right to drive" and affirming dismissal of complaint based on state's refusal to renew citizen's driver's license); *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1477 (9th Cir. 1993) (finding no constitutional violation where valid Idaho law required driver's license, and plaintiff was detained for not having one).

E.    Qualified Immunity of Defendant Esslinger

Defendant Esslinger raises the defense of qualified immunity.  Whether a defendant is entitled to qualified immunity is a legal question.  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007), *cert. denied*, 128 S.Ct. 1229 (2008).  When a warrantless arrest is the subject of a § 1983 action, the defendant arresting officer is entitled to qualified immunity "if a reasonable officer could have believed that probable cause existed to arrest" the plaintiff.  *Hunter v. Bryant*, 502 U.S. 224, 228 (1991).  *See also Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender.").  Probable cause requires only a probability of criminal activity, not a prima facie showing of such activity.  *Illinois v. Gates*, 462 U.S. 213, 235 (1983).  Where no Fourth Amendment violation occurred because the officer possessed probable cause to arrest and charge the individual, "the inquiry ends and the officer is entitled to qualified immunity."  *Wilder v. Turner*, 490 F.3d 810, 813 (10th Cir. 2007).  "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity."  *Hunter*, 502 U.S. at 227 (Internal quotation marks and citation omitted).  Applying these principles to the instant case and accepting all well pled allegations in the Complaint as true, the court concludes that Mr. Olds has not alleged sufficient facts to state a claim that Defendant Esslinger could not have believed that probable cause existed.  The court having concluded that Mr. Olds has failed to state a claim upon which relief can be granted against Defendant Esslinger

for violation of a constitutional or statutory right, "the inquiry ends" and Defendant Esslinger is entitled to qualified immunity. *Wilder*, 490 F.3d at 813 (citation omitted).

F.   Absolute Judicial Immunity of Defendant Cox

Mr. Olds brings Counts 17 and 18 against Defendant Cox, seeking money damages. (*See* Complaint at pp. 36, 37 of 48). Defendant Cox raises the defense of absolute judicial immunity. The Supreme Court has recognized the defense of absolute immunity from civil rights suits in several well-established contexts involving the judicial process. A judge acting in his judicial capacity is absolutely immune from such suits, unless the judge acts clearly without any colorable claim of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). *See also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (state court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are "taken in the complete absence of all jurisdiction"); *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006) ("Absolute immunity bars suits for money damages for acts made in the exercise of prosecutorial or judicial discretion."). "This immunity applies even when the judge is accused of acting maliciously and corruptly . . . ." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citations omitted). "Absolute immunity is . . . necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation." *Butz v. Economou*, 438 U.S. 478, 512 (1978). A judge must be free to make decisions, often controversial, without concern about possible personal repercussions. *Stump*, 435 U.S. at 363-64.

Mr. Olds' allegations against Judge Cox, *e.g.*, challenging his actions "in an alleged motion's [sic] hearing . . . [i]n open court," his refusal "to recuse himself from the case," and that "Defendant Cox utterly refuses to examine any evidence of law that the Plaintiff has to rely on for his assertion of an inalienable right to travel," clearly implicate actions taken in Defendant Cox' judicial capacity. (*See* Complaint at ¶¶ 32, 33, pp. 36, 37 of 48). "A

judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359.

Mr. Olds also alludes that Defendant Cox acted absent proper jurisdiction (*see* Complaint at ¶ 33; "Objection" (doc. # 25) at p. 41 of 46). A county court is a state constitutional court with limited criminal jurisdiction as may be provided by law. Colo. Const. art. VI, § 17. By statute, county courts have jurisdiction in "[c]riminal actions for the violation of state laws which constitute misdemeanors or petty offenses, . . ." Colo. Rev. Stat. § 13-6-106(1)(a). Jurisdiction over Mr. Olds' motor vehicle violations committed in Adams County, Colorado is vested in the Adams County District and County Courts, where Defendant Cox is a judge. Further, Mr. Olds' remedy for an order that is void as entered without jurisdiction lies in the state appellate courts, not in the U.S. District Court. *See, e.g., Steinpreis v. Shook*, 377 F.2d 282, 283 (4th Cir. 1967) ("the appropriate and only remedy for an allegedly erroneous judgment by a justice of the peace is by appeal from that judgment") (internal quotation marks and citation omitted); *In Re Keeler*, 273 B.R. 416, 421 (D. Md. 2002) ("If the state trial court erred . . . relief was available in the [state] appellate courts. . . .") (citation omitted); *Coleman v. Court of Appeals*, 550 F. Supp. 681, 684 (W.D. Okl. 1980) ("The proper remedy for litigants who feel wronged by an adverse judgment is through the appellate process.") (citations omitted). In sum, Defendant Cox is entitled to absolute immunity from Mr. Olds' claims.

Accordingly, IT IS RECOMMENDED that:

1.       With Mr. Olds' concession, Defendants Haase, City of Westminster, Connolly's Towing, Inc., Mole, Quick, the State of Colorado, and John Does 1 through 100 be dismissed without prejudice and that in light of the dismissal of these Defendants, Counts 7, 8, 9, 10, 11, 12, 13, 14, 15, 22, and 23 be dismissed without prejudice.

2.       With Mr. Olds' concession, Counts 1, 4, 5, 6, 16, 19, 20, and 21 against

Defendants Esslinger and Cox be dismissed without prejudice.

3.   As to the remaining Counts 2 and 3 against Defendant Esslinger, that "Defendant Esslinger's Motion to Dismiss" (filed August 4, 2009) (doc. # 12) be GRANTED and Defendant Esslinger be dismissed from this civil action.

4.   As to the remaining Counts 17 and 18 against Defendant Cox, that "Defendant Cox's Motion to Dismiss" (filed August 17, 2009) (doc. # 16) be GRANTED and Defendant Cox be dismissed from this civil action.

5.   As no claims or Defendants remain in the case, this civil action be dismissed in its entirety.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an

objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 4th day of January, 2010.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge