IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-01472-CMA-CBS

BRIAN OLDS,

    Plaintiff,

v.

RAY ESSLINGER, an individual,
TERRY HAASE, an individual,
CITY OF WESTMINSTER, a Municipal corporation,
CONNOLLY'S TOWING, INC., a Colorado corporation,
SIMON MOLE, an individual,
MICHAEL A. COX, an individual,
DON QUICK, an individual,
THE STATE OF COLORADO, and
DOES 1 through 100,

    Defendants.

---

## ORDER ADOPTING AND AFFIRMING JANUARY 4, 2010 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on Motions to Dismiss filed by Defendant Ray Esslinger (Doc. # 12) and Defendant Michael Cox, an Adams County, Colorado judge (Doc. # 16). The motions were referred to United States Magistrate Judge Craig B. Shaffer on August 4, 2009 (Doc. # 13) and August 18, 2009 (Doc. # 17), respectively. On January 4, 2010, Magistrate Judge Shaffer issued a Recommendation that the Motions to Dismiss be granted (Doc. # 38 at 12). The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b).

## I. BACKGROUND

On June 24, 2009, *pro se* Plaintiff Brian Olds filed the instant action under 42 U.S.C. §§ 1983, 1985, asserting twenty-three claims against Defendants. The action arises from a traffic stop, Plaintiff's subsequent arrest, and the impoundment of his car on or about February 28, 2008, in Westminster, Colorado. (*See* Doc. # 1, ¶¶ 14-24; *see also* Doc. # 12 at 2, n.1). Plaintiff asserted the following parallel claims against Defendants Ray Esslinger and Michael E. Cox, respectively:[1]

- (Counts 1, 16): "Negligence";
- (Counts 2, 17): "Violation of 42 U.S.C. § 1983 Due Process and Equal Protection Clauses";
- (Counts 3, 18): "Violation of unalienable rights and 8th and 14th Amendments and Article IV Section 2. (1) and Section 4 of the United States Constitution"; and
- (Counts 4, 19): "42 U.S.C. § 1985 Sec. 1985. Conspiracy to interfere with civil rights."

(Doc. # 1, ¶¶ 38-56; 87-104.)

Plaintiff asserted the following additional claims against Defendant Esslinger:

- (Count 5): "Violations of Colorado Constitution Article II § 3, 6, 7, 16, 20, 25, and 28 Article III";
- (Count 6): "Intentional Infliction of Emotional Distress."

(Doc. # 1, ¶¶ 55-58.)

Of the remaining claims, Plaintiff asserted Counts 7-12 against Defendant Terry Haase, Count 13 against Defendant the City of Westminster, Count 14 against

---

[1] For each of the following, the first-listed count was asserted against Esslinger and the second-listed count was asserted against Cox.

Defendant Connolly's Towing, Inc., Count 15 against Defendant Simon Mole, Count 22 against Defendant Don Quick, and Count 23 against the State of Colorado.

On December 15, 2009, during a Motions Hearing in connection with Defendants Esslinger's and Cox's Motions to Dismiss, Plaintiff voluntarily withdrew his state law claims (Counts 1, 4-6, 16, 19, 20, and 21) in light of the applicable statute of limitations. (Doc. # 37.) Plaintiff also withdrew his conspiracy claims (Counts 4, 10, 14, and 19) and confirmed that he had not completed, and did not intend to complete, service of process on Defendants Haase, the City of Westminster, Connolly's Towing, Inc., Mole, Quick, the State of Colorado, or John Does 1 through 100 and, therefore, those defendants may be dismissed from the action. (*Id.*) However, Plaintiff did not state any intentions to withdraw his claims against Defendants Esslinger and Cox.

## II. MAGISTRATE JUDGE SHAFFER'S RECOMMENDATION

In light of Plaintiff's concessions and withdrawals, Magistrate Judge Shaffer duly noted in his Recommendation that Plaintiff's state law and conspiracy claims and all the defendants, but for Defendants Esslinger and Cox, may be properly dismissed from this action without prejudice. (Doc. # 38 at 2-3). Accordingly, Magistrate Judge Shaffer proceeded to consider the merits of Defendants Esslinger's and Cox's Motions to Dismiss in connection with the remaining claims against them, namely Counts 2 and 3 (against Esslinger) and Counts 17 and 18 (against Cox) for alleged due process, equal protection, and Eighth and Fourteenth Amendment violations. In pertinent part,

3

Magistrate Judge Shaffer made the following determinations and recommendations in connection with each claim:

- <u>Plaintiff's Eighth Amendment Claims (Counts 3 and 18)</u>: The Eighth Amendment applies only to convicted inmates and, therefore, does not apply to Plaintiff who was not a convicted inmate at the time of the challenged conduct.

    Plaintiff's claims should be <u>dismissed with prejudice</u>.

(Doc. # 38 at 4-5.)

- <u>Plaintiff's Fourteenth Amendment and Due Process Claims (Counts 2, 3, 17, 18)</u>: The Fourth Amendment, not the Fourteenth Amendment governs the standards of the arrest (*i.e.*, the challenged conduct) and, therefore, Plaintiff's stated due process violation may only be judged by the standards of the Fourth Amendment. Even then, a claim under the Fourth Amendment would fail because the allegations in the Complaint are sufficient to establish probable cause.

    Plaintiff's claims should be <u>dismissed with prejudice</u>.

(*Id.* at 5-8.)

- <u>Plaintiff's Equal Protection Claims (Counts 2 and 17)</u>: Plaintiff has failed to allege that he was intentionally treated differently from a similarly situated individual, an essential element of his equal protection claim.

    Plaintiff's claim should be <u>dismissed</u>.

(*Id.* at 6-7.)

Magistrate Judge Shaffer further recommended the dismissal of Defendants Esslinger and Cox on grounds of qualified and absolute judicial immunity, respectively. (*Id.* at 9-11.) With respect to Defendant Esslinger, Magistrate Judge Shaffer noted that qualified immunity exists if a reasonable officer could have believed that probable cause existed to conduct an arrest; Plaintiff has not alleged sufficient facts to challenge the

existence of qualified immunity.  With respect to Defendant Cox, Plaintiff's allegations are strictly tied to Cox's judicial conduct and, therefore, he is entitled to absolute immunity.

### III.  CONCLUSION

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served a copy of the Recommendation.  (Doc. # 38 at 12-13).  Despite this advisement, no objections to Magistrate Judge Shaffer's Recommendation were filed by either party.

> "In the absence of timely objection, the district court may review a magistrate...[judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

Applying this standard, the Court concludes that Magistrate Judge Shaffer's thorough and comprehensive analyses and recommendations are sound and that there is no clear error on the face of the record.  *See* Fed. R. Civ. P. 72.  The Court agrees that the above-referenced Motions to Dismiss be granted.

Accordingly, IT IS ORDERED that the Recommendation of United States Magistrate Judge Craig B. Shaffer, filed January 4, 2010, is AFFIRMED and ADOPTED.

In accordance therewith, it is FURTHER ORDERED that:

(1)   Defendants Ray Esslinger's and Michael Cox's Motions to Dismiss (Doc. ## 12, 16) are GRANTED;

(2) As a result of the granting of Defendants' Motions to Dismiss, the following counts are DISMISSED WITH PREJUDICE:

    (a) Counts 2 and 3 against Defendant Ray Esslinger; and

    (b) Counts 16-21 against Defendant Michael Cox;

(3) Plaintiff's oral motion to withdraw the following counts is GRANTED and those counts are DISMISSED WITHOUT PREJUDICE:

    (a) Counts 1 and 4-6 against Defendant Ray Esslinger;

    (b) Counts 7-12 against Defendant Terry Haase;

    (c) Count 13 against Defendant the City of Westminster;

    (d) Count 14 against Defendant Connolly's Towing, Inc.;

    (e) Count 15 against Defendant Simon Mole;

    (f) Count 22 against Defendant Don Quick;

    (g) Count 23 against Defendant the State of Colorado; and

(4) Defendants John Does 1 through 100 are DISMISSED from this action in light of Plaintiff's stated intention not to complete service of process on, and failure to assert claims against, them.

In light of the dismissal of all counts in this action, IT IS FURTHER ORDERED THAT THIS CASE IS CLOSED.

DATED: March __04__, 2010

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge